IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOEL M. CAHN, BETH BINDER, and BRUCE GOODMAN, | ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | Case No. 14 CV 3550 |
| MARC MILLER, ARIAN R. JUHL, DANIEL INJERD, JAMES CASEY, LISA BONNETT, ALAN KELLER, SCOTT MEYER, LIZA MCELROY, STEVEN L. STOCKTON, THOMAS P. BOSTICK, and FREDERIC A. DRUMMOND | ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**MOTION TO DISMISS ON BEHALF OF LISA BONNETT AND ALAN KELLER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants, LISA BONNET and ALAN KELLER, by and through their counsel, LISA MADIGAN, Attorney General for the State of Illinois, respectfully submit the following Motion to Dismiss.

**PROCEDURAL HISTORY**

On October 16, 2012, the U.S. Army Corps of Engineers ("Army Corps") filed a Joint Application for approval of a permit from the Illinois Department of Natural Resources ("IDNR") and Illinois Environmental Protection Agency ("Illinois EPA") to construct a breakwater protected beach in Lake Michigan at Rosewood Beach Park ("Project"). (Complaint ¶ 24, attached hereto and incorporated herein as Exhibit A.) The Park District of Highland Park ("Park District") formally joined the Army Corps' joint application as a co-applicant on February 6, 2014. On August 30, 2013, the Illinois EPA issued its final determination on the Project, including seven (7) conditions to be included with the requested permit. (Exhibit A, Page ID

Nos. 48 and 49.) On March 26, 2014, the IDNR and Illinois EPA issued joint permit number LM2014003 to the Army Corps and Park District for the Project ("Permit"). (Exhibit A, Page ID Nos. 45, 46 and 47.) On April 30, 2014, Plaintiffs filed their summons and complaint for administrative review before the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois ("Complaint"). (See Exhibit A.) The Complaint named as defendants eleven (11) individuals from the Illinois EPA, IDNR, Army Corps and Park District. On May 15, 2014, the Army Corps defendants filed a notice of removal to federal court.

## ARGUMENT

### I. SOVEREIGN IMMUNITY PROHIBITS FEDERAL COURTS FROM CONSIDERING CLAIMS THAT STATE OFFICIALS VIOLATED STATE LAW IN CARRYING OUT THEIR OFFICIAL RESPONSIBILITIES

The Eleventh Amendment requires dismissal of the claims against the state officials in this matter. In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 117 (1984), the Supreme Court held that the Eleventh Amendment bars federal courts from considering claims alleging that state officials violated state law. *See also Colon v. Schneider*, 899 F.2d 660, 672 (7th Cir. 1990). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106.

In the Complaint, Plaintiffs allege that the Permit does not comply with Section 3704.90(c)(1)[1] of the Illinois Administrative Code, 17 Ill. Adm. Code 3704.90(c)(1), in that the Permit does not "minimize and mitigate to the fullest practical extent…". (Exhibit A, Page ID No. 19, ¶ 47.) Therefore, Plaintiffs seek judicial review of the permit approval pursuant to 17 Ill. Adm. Code 3704.150 and Article III of Chapter 735 of the Illinois Compiled Statutes, 735 ILCS

---

[1] In the Complaint, Plaintiffs incorrectly cite 7 ILCS 3704.90 and 17 ILCS 3704.90, neither of which exists.

5/Art. III. (Exhibit A, Page ID No. 10, ¶ 21.) Although originally filed in state court, this matter was removed to federal district court by the Army Corps defendants. As the only claim against the named state officials is that they violated state law, this Court is without jurisdiction and the Complaint should be dismissed based on the Eleventh Amendment as to the Illinois EPA defendants.

## II. NON-ATTORNEY PLAINTIFF CAHN CANNOT REPRESENT OTHER PLAINTIFFS IN THIS MATTER

Because non-lawyers cannot pursue claims on behalf of others, Plaintiffs Beth Binder and Bruce Goodman should be dismissed. A non-lawyer cannot handle a case on behalf of anyone other than himself. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013) citing *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986) (per curiam); *United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92–93 (2d Cir. 2008); 28 U.S.C. § 1654; *see also Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (holding that the right to act on behalf of another in federal court is dictated by federal law); *see also Pratt-Holdampf v. Trinity Medical Center*, 338 Ill.App.3d 1079, 1083; 789 N.E.2d 882, 886 (3rd Dist. 2003) ("In Illinois, it is well established that only persons duly admitted to practice law in this state may appear on behalf of other persons.").

Although the caption lists three (3) Plaintiffs, Joel M. Cahn is the only individual who signed the Complaint. A search of the Illinois Attorney Registration & Disciplinary Commission ("ARDC") website (www.iardc.org/lawyersearch.asp) for Joel M. Cahn failed to provide any record of attorney by that name in Illinois. (See ARDC results, attached hereto and incorporated herein as Exhibit B.) Recently, attorney Joshua Adams filed his appearance on behalf of Mr. Cahn and Mr. Goodman in this matter, but not on behalf of Plaintiff Binder. As Mr. Cahn cannot

3

pursue claims on behalf of the listed co-Plaintiffs Beth Binder and Bruce Goodman, they should be dismissed from this action.

### III. PLAINTIFFS FAILED TO APPEAL THE FINAL DETERMINATION OF THE ILLINOIS EPA TO THE ILLINOIS POLLUTION CONTROL BOARD PRIOR TO ISSUANCE OF THE PERMIT

Section 18 of the Rivers, Lakes, and Streams Act ("Rivers Act"), 615 ILCS 5/18 (2012), provides the requirement that the Project applicants seek a final determination from the Illinois EPA pursuant to Section 39(a) of the Illinois Environmental Protection Act and a joint permit issued by the IDNR and Illinois EPA prior to the Project commencing. Section 18 of the Rivers Act, 615 ILCS 5/18 (2012), also provides, in pertinent part, as follows:

> Any person adversely affected by a final determination of the Environmental Protection Agency may petition for a hearing before the Pollution Control Board pursuant to Section 40 of the Environmental Protection Act, as now or hereafter amended. The petition for review shall stay the issuance of the permit until the Pollution Control Board affirms or reverses the Agency's determination.

The Illinois EPA issued its final determination on the Project on August 30, 2013. (Exhibit A, Page ID Nos. 48 and 49.) The final determination became effective when the seven (7) listed conditions were incorporated into the Permit issued on March 26, 2014. (Exhibit A, Page ID Nos. 45, 46 and 47.) The Complaint alleges that the Plaintiffs will be adversely affected by the Project. (Exhibit A, Page ID Nos. 12 and 13 [¶¶ 34(a), (d), (e)], Page ID No. 16 [¶¶ 37 and 38], Page ID No. 17 [¶¶ 40 and 41].) Therefore, if Plaintiffs wanted relief as to the alleged adverse effect of the Illinois EPA final determination, the correct forum is in the Pollution Control Board, not the circuit court. As this Complaint was filed in the improper forum, the Complaint should be dismissed as to the Illinois EPA defendants.

4

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Illinois EPA defendants respectfully request this Court to dismiss the Complaint and for such other and further relief as the Court deems proper.

        Respectfully submitted,

        LISA MADIGAN, Attorney General
        of the State of Illinois


By:   /s/    Jennifer A. Van Wie
      JENNIFER A. VAN WIE
      Assistant Attorney General
      Environmental Bureau
      Office of the Illinois Attorney General
      69 W. Washington Street, Suite 1800
      Chicago, Illinois 60602
      (312) 814-0609
      jvanwie@atg.state.il.us